(December 31, 1908.)

## THEODORE DANIELS, Plaintiff, v. STATE, Defendant.

[98 Pac. 853.]

PROCEEDING TO PROCURE A RECOMMENDATORY DECISION FOR WORK AND LABOR PERFORMED FOR THE STATE OF IDAHO.

1. Where D. performs services as superintendent of the state capitol grounds for and on behalf of the state, under the employment of the capitol building board, and the state board of examiners disallowed his claim for services, the legislature ought to make an appropriation sufficient to pay for such services, and it would be equitable and just for the legislature to do so.

(Syllabus by the court.)

Original proceedings in this court to obtain a recommendatory decision under sec. 10 of art. 5 of the constitution.

Wm. B. Davidson, and S. D. Fairchild, for Plaintiff.

J. J. Guheen, Attorney General, and B. S. Crow, for the State.

Counsel file no briefs.

SULLIVAN, J.—This is a proceeding under section 10, article 5, of the constitution of Idaho to obtain a recommendatory

decision of this court touching the justice of a claim asserted by the plaintiff against the state.

It appears from the complaint and the testimony introduced on the hearing that the plaintiff, Theodore Daniels, was employed by the state of Idaho in the capacity of superintendent of the state capitol grounds of the state of Idaho; that he had been employed in that capacity for a number of months, and that the state had paid him $75 a month for his services; that he performed services from January 1, 1907, to January 8, 1907; that he was discharged as such superintendent on January 8, 1907; that thereafter he filed his claim in the office of the auditor of the state for the sum of $17.50, which was at the rate of $75 per month, or $2.50 per day for said seven days, which voucher or claim was referred by the state auditor to the state board of examiners, and the said claim was disallowed and returned to the state auditor on January 23, 1907.

On the hearing the state introduced no evidence whatever showing the grounds for the disallowance of said claim. There is no conflict in the evidence as to the fact that the petitioner performed services for the state as such superintendent for said seven days. That being true, the state, as a matter of right, ought to pay for such services. We therefore recommend that the legislature make an appropriation for the payment of said claim of $17.50 together with costs in favor of plaintiff.

Ailshie, C. J., and Stewart, J., concur.